## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**TONY SMITH**                                                                **PLAINTIFF**

**v.**                                                     **Cause No:** 3:13cv202-MPM-SAA

**K.C. Hamp in his official capacity**
**and in his individual capacity; JOHN DOE**
**SHERIFF'S DEPUTIES in their individual capacities;**
**TUNICA COUNTY, MISSISSIPPI, a body politic**           **DEFENDANTS**

### COMPLAINT

### INTRODUCTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1988, the Fourth and Fourteenth Amendments to the United States Constitution, and

under the laws of the State of Mississippi against Sheriff K.C. Hamp, John Doe Officers

in their individual and official capacities and against Tunica County, Mississippi.

2.      Plaintiff Tony Smith alleges John Doe Officers while acting within the scope of

their employment and under color of state law unlawfully assaulted and battered him

using excessive force in violation of his civil rights.  Plaintiff alleges that these

constitutional violations were committed against him as a result of the policies, practices,

and customs promulgated by Tunica County Sheriff, Defendant K.C. Hamp, within the

Tunica County Sheriff's Department.

3.       Plaintiff Tony Smith brings suit against Sheriff K.C. Hamp as the supervisory

officer responsible for the conduct, training and supervision of sheriff's deputies under

his charge.  Defendant Hamp failed to properly train sheriff's deputies in the appropriate

methods of detaining and arresting suspected citizens, and to adequately discipline and

supervise officers in regards to their propensity to commit excessive force against the

citizenry and to have appropriate policies, procedures, and practices in place in regards to

the appropriate methods of detaining individuals in vehicles.

4.      Plaintiff Tony Smith also brings state tort claims against Tunica County and the

individual John Doe Officer Defendants for assault and battery, intentional infliction of

emotional distress, negligent infliction of emotional distress, negligence, gross negligence,

failure to train, negligent hiring, and seeks punitive damages.

5.      All conditions precedent to the maintenance of this action have been performed or

have occurred prior to its institution including those set forth in Miss. Code Ann. Section

11-46-1.

## JURISDICTION

6.      The jurisdiction of this Court is predicated on 28 U.S. C. §§ 1331 and 1342(a)(3)

and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

## VENUE

7.      Venue is placed in the United States District Court for the Northern District of

Mississippi because it is where all parties reside and where the events complained of

occurred.

## PARTIES

8.      Plaintiff Tony Smith is a bona fide adult resident citizen of Tunica County,

Mississippi.

9.      Defendant K.C. Hamp is the duly elected Sheriff of Tunica County, Mississippi.

He is an officer of Tunica County and has responsibility over the policies, practices,

customs, and training at the Tunica County Sheriff's Department, and accordingly over

the Deputies employed there.  Defendant K.C. Hamp is the final decision maker for

Tunica County on matters of law enforcement. Defendant K.C. Hamp is sued in his official capacity of Tunica County Sheriff, and in his individual capacity. Defendant is a bona fide adult resident citizen of Tunica County, Mississippi and can be served at his place of employment 5125 Old Mhoon Landing Road, Tunica, Mississippi 38676.

10.    Defendants John Doe Officers are employed as sheriff's deputies with the Tunica County Sheriff's Department and may be served there at 5125 Old Mhoon Landing Road, Tunica, Mississippi 38676. They are being sued in their individual capacities.

11.    Defendant Tunica County, Mississippi, is a political subdivision. Tunica County is liable for the practices and policies of Defendant Hamp, the final decision maker for law enforcement operations in the County. The County is also liable for Defendant Hamp's failure to adequately train Tunica County Sheriff's Department deputies on the constitutional limitations of their powers to stop, arrest, detain, and question members of the public or the need to avoid unnecessary humiliation or harm to those persons. Tunica County is responsible for all actions of the officers, agents, and employees of Tunica County, including each of Defendants Hamp and John Does.

## STATEMENT OF FACTS

12.    On or about November 11, 2012 Mr. Smith was involved in a high-speed chase with deputies of the Tunica County Sheriff's Department.

13.    This chase lasted for several miles and took the drivers down the heavily travelled roads surrounding Tunica County's biggest tourist attractions, the casinos, including the Fitzgerald Casino.

14.    The decision by the Defendant Tunica County Sheriff's Deputies to engage in a

high speed pursuit on these heavily travelled roads and so near such a major attraction put

numerous civilians in danger

15.     After the chase had gone on for several miles, the Tunica County Sheriff's

Department deployed spike strips and or shot at the tires of Plaintiff Tony Smith.

16.      As a result of either the gunfire or the spike strips, Plaintiff suffered a blowout on

the tires of his vehicle.

17.     The blowout caused Mr. Smith to lose control of his vehicle, a suburban, and

drive into a field, wrecking the vehicle.

18.     Mr. Smith's suburban came to rest in a field near Kirby Road in Tunica,

Mississippi.

19.      As a result of the wreck, Mr. Smith was disoriented and unable to move very well.

20.     Upon Mr. Smith's vehicle coming to a stop, deputies of the Tunica County

Sheriff's Department dragged Mr. Smith from his vehicle and began to beat and kick him.

21.     Mr. Smith screamed for help and pleaded with the officers to stop hitting and

kicking him, but his pleas were to no avail.

22.     Due to the violence and brutality of the beating Mr. Smith was being subjected to,

he lost consciousness.

23.     As a result of the Defendant John Doe Sheriff's Deputies Mr. Smith sustained

severe injuries requiring that he be air-lifted to the Regional Medical Center in Memphis

Tennessee where he was placed in the Intensive Care Unit.

24.     Mr. Smith spent nine (9) days in the Intensive Care Unit and several more weeks

on the Medical Surgery floor recovering and undergoing numerous surgeries.

25.     Currently, nearly seven (7) months later, Mr. Smith is still undergoing surgeries to

repair the damage done at the hands of the Defendant John Doe Sheriff's Deputies.

26.     While the physical trauma suffered by Mr. Smith was severe, nearly taking his life, the Defendants did not stop there with their torture of Mr. Smith and violations of his constitutional rights.

27.     Upon arrival at the Regional Medical Center it was questionable whether Mr. Smith would survive his injuries.

28.     During his first days in the intensive care unit Mr. Smith was in and out of consciousness, and largely unable to communicate.

29.     As Mr. Smith began to recover consciousness, he informed his father, Nathaniel Jackson, who was there visiting, of the events that had led to Mr. Smith being so severely injured.

30.     Mr. Jackson left the hospital and traveled to the Tunica County Sheriff's Department where he demanded that someone answer for the injuries to his son.

31.     In retaliation, the Defendant Tunica County Sheriff's Department posted an armed and uniformed deputy outside of Mr. Smith's room in the intensive care unit.

32.     This deputy would not allow anyone to visit Mr. Smith, including his attorney.

33.     Mr. Smith, fighting for survival, suffered great emotional distress as a result of being deprived of his right to see his family who acted as his support system.

34.     The deputy was posted there despite the Regional Medical Center, being located in Memphis Tennessee, being well outside the jurisdiction of the Tunica County (Missississippi) Sheriff's Department.

35.     Mr. Smith, suffered great emotional distress as a result of not being allowed to see his family, having an armed guard placed outside of his hospital room, and being denied

the right to meet with his attorney.

36.     The Defendant Tunica County Sheriff's Department refused to turn over a written copy of the incident report to Tony Smith, in direct contravention of Miss. Code Ann. § 25-61-12.

37.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant Tunica County, Defendant Hamp, and the Defendant Tunica County Sheriff's Department to permit deputies to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train deputies in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

38.     It is the longstanding widespread custom, habit, practice and/or policy of the Defendant County, Defendant Hamp, and the Defenant Tunica County Sheriff's Department to find no fault with sheriff's deputies' conduct as long as any story is given by the deputies, regardless of how incredible.

39.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured.  These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medically related treatment caused by the unconstitutional and violent conduct of all these Defendants.

40.     Mr. Smith is now permanently disfigured from these injuries, with a right arm that is scarred from an external medical device used to set the bone, as well as permanent

nerve damage to his right arm that now hags lifelessly by his side.

41.    Mr. Smith also continues to suffer ongoing emotional distress, with significant

PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration,

sleeplessness, nightmares, and flashbacks from being beaten by the Defendants.

42.    Plaintiff is also entitled to punitive damages on all of his claims against the

individual Defendants personally to redress their willful, malicious, wanton, reckless and

fraudulent conduct.

## MONELLL ALLEGATIONS

43.    Based upon the principles set forth in *Monell v. New York City Dept. of Social*

*Services,* 436 U.S. 658 (1978), Defendant Tunica County is liable for all injuries

sustained by Plaintiff as set forth herein.  Defendant Tunica County bear liability as its

policies, practices/customs were a direct and proximate cause of Mr. Smith's injuries.  In

particular, Defendant Tunica County and Defendant Sheriff K.C. Hamp have maintained,

condoned, or instituted one or more of the following official policies, customs, or

practices:

  A.  Failure to provide adequate training and supervision of Sheriff's deputies with

      respect to constitutional limits on use of force, detention, and methods of

      apprehending suspects;

  B.  Failure to adequately discipline or retrain officers involved in misconduct;

  C.  Failure to properly investigate allegations of misconduct;

  D.  Condonation and encouragement of deputies' belief that they can violate the

      rights of persons such as Mr. Smith with impunity, and that such conduct will

      not adversely affect their opportunities for employment, promotion, and other

employment benefits.

E.  Hiring and retaining deputies with known propensities for excessive force,

violence, and dishonest conduct and failing to take adequate steps to avoid

such hires.

F.  Ratification by the highest levels of authority of the specific unconstitutional

acts alleged in this complaint.

**PLAINTIFF'S CIVIL RIGHTS CLAIM**
(The following claims contained in paragraphs 44 - 102 are made upon information and belief)

44. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> *Every person who, under color of any statute, ordinance, regulation,*
> *custom or usage, of any state or territory or the District of Columbia,*
> *subjects, or causes to be subjected, any citizen of the United States or*
> *any other person within the jurisdiction thereof to the deprivation of*
> *any laws, privileges or immunities secured by the Constitution and*
> *laws, shall be liable to the party injured in an action at law, suit in*
> *equity, or other proper proceeding for redress. 42 U.S.C. § 1983*

45.     Plaintiff alleges that Defendants, jointly and/or severally, deprived

Plaintiff of his Fourth Amendment rights, as well as the rights, privileges, and

immunities secured by the Fifth and Eighth Amendments to the Constitution as

incorporated and applied to the states through the Fourteenth Amendment.

Defendants violated Plaintiff's rights in the following manner:

A.      By using excessive force in the course of John Doe Sheriff's

Deputies attempting to seize the Plaintiff, in violation of the Fourth Amendment

and its reasonableness standard.  Plaintiff pleads that he was beaten severely

causing numerous broken bones as well as internal bleeding and nerve damage.

These injuries resulted directly from a use of force that was clearly excessive to

the need, and was objectively and subjectively unreasonable;

       B.     By failing to provide supervision and/or proper training to prevent such incidents of excessive force.

       C.     Defendants' violations of Mr. Smith's constitutional rights resulted in Mr. Smith's suffering severe physical, emotional, and mental injury and were a direct and proximate cause of Mr. Smith's injuries.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 Fourth and Fourteenth Amendments; Sheriff's Deputy Liability)

46.     Plaintiff repeats and realleges Paragraphs 1 through 45, and incorporates them by reference herein.

47.     Plaintiff brings a claim against John Doe Sheriff's Deputies, in their individual capacities, pursuant to 42 U.S.C. § 1983 and for punitive damages.

48.     At all material times, John Doe Deputies were acting under color of state law as an agent and employee of Defendant, Tunica County, Mississippi. Defendants were wearing their official Tunica County Sheriff's Department uniforms, and were acting in the course and scope of their duties as Tunica County Sheriff's Deputies at the time they assaulted and battered Mr. Smith.

49.     Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendants' actions of beating Mr. Smith was unreasonable.

50.     At the time of the incident, Defendant Deputies had no reason to believe that Tony was armed or dangerous. First, Tony made no violent movements towards any of

the Deputies present that could have been interpreted as threatening.  Second, Tony made

no verbal threats towards any one.  Third, Tony did not touch any officer intentionally

other than trying to cover himself from the unlawful attack.  Fourth, it was clear that

Tony was unarmed and posed no threat whatsoever, nor did he have any weapon nearby

which he could have retrieved.

51.     Defendant Deputies did not have a reasonable fear of imminent bodily harm when

they attacked Tony Smith and severely beat him. Consequently, beating Tony so severely

was unwarranted under these circumstances, and was objectively unreasonable when

comparing or balancing the amount of force used against the need for force.

52.     Therefore, by using subjectively and objectively unreasonable force acting under

color of state law, Defendant Deputies violated Mr. Smith's rights under the Fourth and

Fourteenth Amendments to the United States Constitution and caused him severe and

grievous injuries.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983; County Liability)

53.     Upon information and belief, Plaintiff pleads that Mr. Smith's constitutional

rights were violated when he was attacked and brutally beaten by numerous John Doe

Sheriff's Deputies.  The Plaintiff's injuries directly resulted from these Deputies'

excessive use of force in beating him.

54.     Upon information and belief, Tunica County is also liable under 42 U.S.C. § 1983

for failing to supervise and train its Deputies, and for overlooking and covering up officer

misconduct.  In addition, the County had a general policy, pattern and/or practice of not

disciplining Sheriff's Deputies for their conduct, thereby sanctioning the Deputies'

actions, which amounted to a departmental policy of overlooking constitutional violations.

The County's failure to supervise and train its Sheriff's Deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to individual's rights including the right to be free from unreasonable search and seizure and to be free from the use of excessive force by state employees. Even if the County's practice of overlooking or covering up constitutional violations was not authorized by an officially adopted policy, the practice may be so common and well-established that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

55.     In the instant case, the County's formal and informal actions in overlooking, covering up, and/or encouraging and condoning Deputy misconduct through other officers such as Sheriff K.C. Hamp reflects a policy, practice, custom and procedure authorizing and allowing the use of excessive force that violated the civil rights of Tony Smith. Accordingly, Tunica County is liable for harm caused to others, such as the Plaintiff, as a result of its policies, practices, customs, and procedures.

56.     Defendant Tunica County is liable for the constitutional torts of John Doe Sheriff's Deputies because the County sanctioned the following customs, practices, procedures, and policies:

> A.     Using excessive force to carry out routine arrests or stops;
>
> B.     Using excessive force when such force is not necessary or permitted by law;
>
> C.     Ignoring the serious need for training and supervision of its officers in regards to the use of force;
>
> D.     Failing to discipline those persons who are found to have engaged in the

use of excessive force upon those individuals who look to Sheriff's

Deputies for care and protection.

E.   Failing to adequately supervise and/or observe its officers;

F.   Failing to adequately train officers regarding the availability of alternative

means of detaining persons other than the use of forece;

G.   Failing to discharge Deputies who have shown a pattern or practice of

using excessive force; and

H.   Adopting a practice whereby Deputies who are unfit for law enforcement

duties, as shown by prior actions in the line of duty are allowed to retain

their positions.

57.   At the time the John Doe Deputies attacked and beat Tony, they were acting

pursuant to an official Tunica County policy, practice, custom and procedure overlooking

and/or authorizing Deputies excessive use of force. *See Monell v. New York City Dept. of

Social Servs.*, 436 U.S. 658, 659 (1978).

58.   Thus, the County's policy of overlooking and cover up police brutality was a

direct cause of Plaintiff's injuries. In particular, the County's policy caused Tony Smith

to be deprived of his constitutional rights to be free from unlawful seizures and

objectively unreasonable force under the Fourth and Fourteenth Amendments.

59.   As described herein, certain Defendant John Doe Deputies of the Tunica County

Sheriff's Department, while acting under color of law, unlawfully and without due

process of law deprived Mr. Smith of the securities, rights, privileges, liberties, and

immunities secured by the Constitution of the United States of America, including his

right to freedom from the unlawful use of excessive force by those acting under color of

state law as guaranteed by the Fourth Amendment to the Constitution of the United States of America.

60.     Defendant John Doe Deputies wantonly, knowingly, recklessly, and intentionally used unnecessary excessive force in apprehending Mr. Smith.

61.     Defendant's use of excessive force caused Mr. Smith to suffer sever physical injuries; pain and suffering; extreme emotional distress, fear, trauma and humiliation; scars on his body resulting from multiple surgeries, a broken arm, broken collar bone, broken ribs, broken leg, internal bleeding, and severe nerve damage to his right arm.

62.     Mr. Smith's claims against Defendants Tunica County and Sheriff K.C. Hamp are based on their maintaining and permitting practices, policies and customs which led to the above mentioned use of excessive force.  On information and belief, instead of taking proper steps to screen, train, and discipline deputies engaging in such behavior, Defendant Sheriff K.C. Hamp condoned, encouraged, fostered and/or ratified and promulgated the unlawful conduct of the Defendant deputies.  Plaintiff is further informed and believes and thereon alleges that Defendants Sheriff K.C. Hamp and Tunica County have not only ratified the individual Defendant deputies unconstitutional conduct towards Mr. Smith, but have actively attempted to cover it up.

63.     As a result of the acts and/or omissions of their conduct, Defendants are liable for Mr. Smith's injuries either because they were active participants in the misconduct and beating of Mr. Smith, or because they failed to intervene when they had the opportunity and duty to do so to prevent and/or stop these violations of Mr. Smith's constitutional rights.

64.     Plaintiff alleges that the acts of the individual Defendants were willful, malicious,

intentional, oppressive, reckless, and/or were done in willful and conscious disregard for

Mr. Smith's rights, welfare, and safety thereby justifying the awarding of punitive

damages in an amount to be determined at time of trial.

**SECOND CLAIM FOR RELIEF**
(Deliberate Indifference to Safety, Supervisory Liability, Against Defendant K.C. Hamp,
Pursuant to 42 U.S.C. § 1983)

65.     PLAINTIFF repeats and realleges Paragraphs 1 through 64, and incorporate them

by reference herein.

66.     On information and belief, prior to the time in November 2012, Defendant was on

actual and constructive notice that civilians were at a profound risk of harm at the hands

of Sheriff's Deputies.

67.     Thus Defendant was personally involved in and responsible for the failure to

protect Mr. Smith in that

A.  He created a policy and custom, and allowed the continuance of a policy and
    custom, under which deputies and other persons employed at the Tunica
    County Sheriff's Department are allowed, permitted and/or encouraged to
    look the other way and to remain silent when civilians are mistreated during
    the course of investigation or arrest;

B.  He created a policy and custom, and allowed the continuance of a policy and
    custom, under which deputies and other persons employed at the Tunica
    County Sheriff's Department are allowed, permitted and/or encouraged to
    look the other way and to remain silent when it becomes clear that employees
    have been inadequately or improperly trained to deal with properly and
    restraining a suspect and when the lack of training increases the risk of harm

to civilians in Tunica County; and

C.  He was deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein.

68.  The acts and omissions of the Defendant proximately caused Mr. Smith to sustain severe physical, mental, and emotional injuries.

69.  Plaintiff alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard for Mr. Smith's rights, welfare, and safety thereby justifying the awarding of punitive damages in an amount to be determined at time of trial.

**THIRD CLAIM FOR RELIEF**
(Mississippi Tort Claims Act)

70.  Plaintiff repeats and realleges Paragraphs 1 through 69, and incorporates them by reference herein.

71.  Plaintiff has complied with the notice provisions of Mississippi Statutes Section 11- 46-1 which is a condition precedent to the filing of a state tort against Tunica County.

72.  Defendant Tunica County through its employees, John Doe Sheriff's Deputies, intentionally caused bodily harm to Tony Smith by employing excessive force in their detention and arrest of Mr. Smith.

73.  At all material times, the John Doe Sheriff's Deputies were the agents and employees of Tunica County and were acting within the course and scope of their employment with Tunica County.

74.   Defendants Tunica County and Sheriff K.C. Hamp are liable for injuries suffered by Tony Smith, directly and proximately caused by County employees' commission of a wrongful act in the course and scope of their employment.

75.     Defendant Tunica County is vicariously liable for the tortuous acts of its

employees that were committed within the scope and furtherance of their employment.

76.     As a direct and proximate consequence of the acts of Tunica County through its

employees, John Doe Deputies, Smith sustained severe physical injury, humiliation,

emotional distress, pain and suffering, incurred substantial medical and other out-of-

pocket expenses, and will continue to incur medical expenses.

77.     Plaintiff alleges that the acts of the individual Defendants were willful, malicious,

intentional, oppressive, reckless, and/or were done in willful and conscious disregard for

Mr. Smith's rights, welfare, and safety thereby justifying the awarding of punitive

damages in an amount to be determined at time of trial.

**PLAINTIFF'S FOURTH CLAIM FOR RELIEF**
(Assault and Battery)

78.     Plaintiff repeats and realleges paragraphs 1 through 77 and incorporates them by

reference herein.

79.     Plaintiff alleges the pendent State law claim for assault.

80.     John Doe Sheriff's Deputies committed an assault upon Tony Smith when they

intentionally, knowingly, and/or recklessly caused Tony to be beaten so severely as to

cause numerous broken bones, internal bleeding, and nerve damage.  The conduct

constituting an assault was committed intentionally, knowingly, and/or recklessly and

was the direct and proximate cause of physical, mental, and emotional injuries to the

Plaintiff.  Said injuries were the direct and immediate consequence of John Doe Sheriff's

Deputies wrongful act and a natural and direct result of the assault.

81.     At no time were the actions taken by the Deputies privileged as the force used

was not necessary and was excessive under the circumstances.

**PLAINTIFF'S FIFTH CLAIM FOR RELIEF**
(Negligence and Gross Negligence)

82.     Plaintiff repeats and realleges paragraphs 1 through 81 and incorporates them by reference herein.

83.     Defendant John Doe Sheriff's Deputies acted negligently in engaging in a high speed chase through highly populated tourist areas of Tunica County.

84.     As is the policy in many areas, the chase should have been abandoned when it placed the lives of those involved as well as many civilians in danger.

85.     Plaintiff was not suspected of committing a violent crime, as such it was negligent to engage in a chase that did cause danger to members of the community, those involved in the chase, and tourists coming to Tunica County.

86.     Further, on information and belief, the John Doe Sheriff's Deputies used extremely dangerous methods to cause Mr. Smith's vehicle to crash.

87.     Each of the above listed acts and ommissions, taken singularly or in any combination, rise to the level of gross negligence.  Defendants' acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants had actual and constructive knowledge of the risk of harm to those involved, as well as, to the public at large, but nonetheless proceeded with conscious indifference and reckless disregard for the rights, safety, or welfare of Tony Smith as well as the public at large.  Therefore, Defendant John Doe Sheriff's Deputies were grossly negligent.

88.     As a direct and proximate cause of the negligence and/or gross negligence of the Defendants, Tony Smith suffered extreme damages, including broken bones, nerve damage, internal bleeding, mental and emotional suffering.

**PLAINTIFF'S SIXTH CLAIM FOR RELIEF**
(Respondeat Superior)

89.     Plaintiff repeats and realleges paragraphs 1 through 88 and incorporates them by reference herein.

90.     At the time of the incident, Defendant John Doe Sheriff's Deputies were employees, agents, and/or servants of Defendant Tunica County, Tunica County Sheriff's Department, and Sheriff K.C. Hamp.  Defendant John Doe Sheriff's Deputies were acting within the course and scope of their employment with said Defendants at the time of the incident made the basis of this lawsuit.  As such, said Defendants are responsible for the conduct of the Defendant John Doe Sheriff's Deputies under the doctrine of *respondeat superior* due to the employer/employee or principal/agent relationship which existed at the time of the incident.

**DAMAGES**

91.     In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Tony Smith has suffered, and will continue to suffer, as described in the following paragraphs.

92.     As a direct and proximate result of Defendant's acts and omissions, Tony has suffered pain and mental anguish from the time of the incident to this very day.

93.     Tony was hospitalized for over one month, and spent over a week in the intensive care unit as a result of the severity of his injuries.

94.     Tony has suffered mental anguish as a result of the incident, suffering from flash backs, nightmares, depression, humiliation and an overriding fear to even leave his house.

95.     Tony has lost a great deal of his ability to care for himself as he has little if any use of his left arm.

96.     Plaintiff has undergone numerous surgeries in efforts to repair the several broken bones he suffered.

97.     Plaintiff has undergone numerous surgeries in efforts to repair the nerve damage he suffered.

98.     Plaintiff suffered internal bleeding.

99.     Plaintiff has suffered and will continue to suffer emotional pain and suffering.

100.    Due to his injuries, Tony has suffered and will continue to suffer mental pain and suffering.

101.    Tony has suffered and will continue to suffer severe physical pain and anguish.

## ATTORNEY'S FEES

102.    Plaintiff is entitled to recover attorney's fees and costs as pursuant to 42 U.S.C. §

103.  Plaintiff thereby requests that the Court and jury award their attorney's fees and expenses.

## JURY DEMAND

103.    Plaintiffs respectfully demand a jury trial pursuant to FED. R. Civ. P. 8(b).

## PRAYER

104.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and severally, for actual and compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.


Respectfully submitted,

WILLIAMSON SCHULTZE, PLLC


By:      __/s/ Cory M. Williamson_____
         Cory M. Williamson (MSB#103941)
         Robert D. Schultze (MSB#101550)
         cory@wslawpllc.com
         1403 Jackson Ave. E.
         Oxford, MS 38655
         (T) 662.281.9970
         (F) 662.550.4770