### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**TONY SMITH**                                                                                    **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 3:13-CV-202-MPM-SAA**

**K.C. HAMP in his official capacity**
**and in his individual capacity; JOHN DOE**
**SHERIFF'S DEPUTIES in their individual capacities;**
**TUNICA COUNTY, MISSISSIPPI, a body politic**                      **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, K.C. Hamp in his official capacity and in his individual capacity; Tunica County, Mississippi, a body politic, [hereinafter Tunica Defendants] individually and officially, by and through counsel, and files this their Answer and Affirmative Defenses to the Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under Monell v. Dept. of Social Services, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

### SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the

provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq.* Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by its sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Wherefore, Defendants move for dismissal of Plaintiff's state law claims pursuant to *Fed. R. Civ. P.*12 (b)(6). Alternatively, Defendants state that there are no material facts which remain at issue as to either Plaintiff's status as an inmate or the date of occurrence of the alleged accident, and moves for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.* 12 (c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's conduct was the sole cause of his alleged injuries and damages, if any; alternately, Plaintiff's conduct was a proximate cause of the incidents forming the basis of this lawsuit. These Defendants assert the protections of the Mississippi apportionment statute, *Miss. Code Ann.* §85-5-7 (Supp 2003). To the extent that Plaintiff suffered injury as a result of the tortious act of one other than Defendants or as a result of his own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiff

-2-

would otherwise have been entitled must be reduced in accordance therewith.

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants, named and unnamed, in this case are entitled to qualified immunity from Plaintiff's claims against them.

### SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Defendants further assert all rights and privileges afforded under the Mississippi Tort Claims Act, including the right to a bench trial in this federal forum. See James v. City of Pontotoc, 2008 U.S. Dist. LEXIS 64134 (N. Dist. Miss., Mills). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Sheriff of Tunica County, Mississippi, that was the moving force behind the alleged injuries of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege violation of any duty by these Defendants bars this cause of action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Tunica County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and

consistent with clearly established law, and for that reason Plaintiff's claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to these Defendants by reason of the fact that any duty on the part of Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of Tunica County substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of Tunica County breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails as a matter of law based upon the absence of a violation of a right, clearly established under the United States Constitution. Specifically, there is no constitutional cause of action arising from an arrest based upon probable cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of

risk and the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiff constituted the sole proximate cause of any injuries he allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff were not foreseeable to Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom and at issue. The instant claims fail as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against Tunica County under §1983. Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## NINETEENTH AFFIRMATIVE DEFENSE

No Defendant is responsible for any condition of the Plaintiff that pre-existed the events which made the basis of this Complaint.

## **TWENTIETH AFFIRMATIVE DEFENSE**

At all relevant times, probable cause existed for the arrest and detention of this Plaintiff. As of the date of this answer, a duly authorized judge within his jurisdiction has found probable cause for his arrest for both the felony investigation the preceded his flight from law enforcement and the offenses Plaintiff committed by unlawfully fleeing. Plaintiff's arraignment on these still pending charges resulted in yet another determination of probable cause. Defendants reserve all rights and defenses arising these still pending state court charges.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiff's Complaint as follows:

1. The allegations of Paragraph 1 of the Complaint are denied.

2. The allegations of Paragraph 2 of the Complaint are denied.

3. The allegations of Paragraph 3 of the Complaint are denied.

4. The allegations of Paragraph 4 of the Complaint are denied.

5. The allegations of Paragraph 5 of the Complaint are denied.

6. The fact of Plaintiff's pending state court criminal charges deprives this Court of Jurisdiction.

7. The allegations of Paragraph 7 of the Complaint are denied.

8. The allegations of Paragraph 8 of the Complaint are admitted,

9. Sheriff Hamp is the Sheriff of Tunica County. The remaining allegations of Paragraph 9 of the Complaint which require an answer are denied.

-6-

10. The allegations of Paragraph 10 of the Complaint are denied.

11. Tunica County is a political subdivision of the State of Mississippi as defined by Miss. Code Ann. §11-46-1(i). The allegations of Paragraph 11 of the Complaint which require an answer are denied.

12. On or about November 11, 2012, Tony Smith engaged in unlawful flight from law enforcement. The remaining allegations of Paragraph 12 of the Complaint are denied.

13. On or about November 11, 2012, Tony Smith failed to yield to the commands of law enforcement to stop his vehicle. The remaining allegations of Paragraph 13 of the Complaint are denied.

14. On or about November 11, 2012, Tony Smith drove his vehicle in a reckless manner evidencing willful and wanton disregard for the safety of others. The remaining allegations of Paragraph 14 of the Complaint are denied.

15. Tony Smith voluntarily drove his vehicle across a tire spike device which caused the tires of his vehicle to slowly deflate. Yet, Tony Smith continued to drive his vehicle in a reckless manner as aforesaid. The remaining allegations of Paragraph 15 of the Complaint are denied.

16. The allegations of Paragraph 16 of the Complaint are denied.

17. At the time of the single vehicle crash at issue herein, Tony Smith had recently used cocaine such that his toxicology revealed cocaine and cocaine metabolites in his system. High on cocaine and driving with deflated tires, Tony Smith missed a dog leg turn and drove into a filed. Smith's vehicle flipped end over end and he was

ejected.   The remaining allegations of Paragraph 17 of the Complaint are denied.

18.      The allegations of Paragraph 18 of the Complaint are admitted.

19.      After flipping end over end and being ejected from his vehicle while high on cocaine, Tony Smith did not know what happened to him until he was attended by emergency medical personnel.  The remaining allegations of Paragraph 19 of the Complaint are denied as stated.

20.      The allegations of Paragraph 20 of the Complaint are denied.

21.      The allegations of Paragraph 21 of the Complaint are denied.

22.      The allegations of Paragraph 22 of the Complaint are denied.

23.      Tony Smith was afforded appropriate emergency medical care consistent with someone who has flipped end over end in a motor vehicle and was ejected from the still moving vehicle.  Again, all of this occurred while Smith was high on cocaine and did not know what happened to him until he was attended by emergency medical personnel.  The remaining allegations of Paragraph 23 of the Complaint are denied.

24.      The allegations of Paragraph 24 of the Complaint are denied.

25.      The allegations of Paragraph 25 of the Complaint are denied.

26.      The allegations of Paragraph 26 of the Complaint are denied.

27.      The allegations of Paragraph 27 of the Complaint are denied.

28.      The allegations of Paragraph 28 of the Complaint are denied.

29.      The allegations of Paragraph 29 of the Complaint are denied.

30.      The allegations of Paragraph 30 of the Complaint are denied.

31.      The allegations of Paragraph 31 of the Complaint are denied.

32.     The allegations of Paragraph 32 of the Complaint are denied.

33.     The allegations of Paragraph 33 of the Complaint are denied.

34.     Without objection from the State of Tennessee, Shelby County or the City of Memphis, Tunica Officers were posted at the hospital in an effort to monitor Smith's condition and further the investigation into his crimes.   By not formally arresting or holding Smith, Tunica County lawfully avoided the otherwise statutory obligation to pay the medical expenses of an inmate.   Smith has since been arrested within the State of Mississippi pursuant to warrants issued by a duly authorized Mississippi Justice Court Judge.   The remaining allegations of Paragraph 34 of the Complaint are denied.

35.     The allegations of Paragraph 35 of the Complaint are denied.

36.     The allegations of Paragraph 36 of the Complaint are denied.

37.     The allegations of Paragraph 37 of the Complaint are denied.

38.     The allegations of Paragraph 38 of the Complaint are denied.

39.     The allegations of Paragraph 39 of the Complaint are denied.

40.     The allegations of Paragraph 40 of the Complaint are denied.

41.     The allegations of Paragraph 41 of the Complaint are denied.

42.     The allegations of Paragraph 42 of the Complaint are denied.

43.     The allegations of Paragraph 43 of the Complaint are denied.

44.     The allegations of Paragraph 44 of the Complaint require no answer and are denied.

45.     The allegations of Paragraph 45 of the Complaint are denied.

46.     The allegations of Paragraph 46 of the Complaint are denied.

47.     The allegations of Paragraph 47 of the Complaint are denied.

48.     The allegations of Paragraph 48 of the Complaint are denied.

49.     The allegations of Paragraph 49 of the Complaint are denied.

50.     The allegations of Paragraph 50 of the Complaint are denied.

51.     The allegations of Paragraph 51 of the Complaint are denied.

52.     The allegations of Paragraph 52 of the Complaint are denied.

53.     The allegations of Paragraph 53 of the Complaint are denied.

54.     The allegations of Paragraph 54 of the Complaint are denied.

55.     The allegations of Paragraph 55 of the Complaint are denied.

56.     The allegations of Paragraph 56 of the Complaint are denied.

57.     Tony Smith was never beaten by anyone.  His claims are belatedly contradicted. The

        allegations of Paragraph 57 of the Complaint are denied.

58.     The allegations of Paragraph 58 of the Complaint are denied.

59.     The allegations of Paragraph 59 of the Complaint are denied.

60.     The allegations of Paragraph 60 of the Complaint are denied.

61.     The allegations of Paragraph 61 of the Complaint are denied.

62.     The allegations of Paragraph 62 of the Complaint are denied.

63.     The allegations of Paragraph 63 of the Complaint are denied.

64.     The allegations of Paragraph 64 of the Complaint are denied.

65.     The allegations of Paragraph 65 of the Complaint are denied.

66.     The allegations of Paragraph 66 of the Complaint are denied.

67.     The allegations of Paragraph 67 of the Complaint are denied.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. The allegations of Paragraph 69 of the Complaint are denied.

70. The allegations of Paragraph 70 of the Complaint are denied.

71. The allegations of Paragraph 71 of the Complaint are denied.

72. The allegations of Paragraph 72 of the Complaint are denied.

73. On information and belief, every Tunica County Sheriffs Department employee involved in this matter were acting within the scope of their officicial and discretionary authority under the Laws of the State of Mississippi, the United States Constitution and departmental policy. Plaintiff's allegation in Paragraph 73 of the Complaint establishes individual immunity pursuant to Miss. Code Ann. §§11-46-5 and §11-46-7. Any remaining allegations of Paragraph 73 of the Complaint which require an answer are denied.

74. Plaintiff's allegation in Paragraph 74 of the Complaint establishes individual immunity pursuant to Miss. Code Ann. §§11-46-5 and §11-46-7. Any remaining allegations of Paragraph 74 of the Complaint which require an answer are denied.

75. The allegations of Paragraph 75 of the Complaint require no answer and are denied.

76. The allegations of Paragraph 76 of the Complaint are denied.

77. The allegations of Paragraph 77 of the Complaint are denied.

78. The allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of Paragraph 79 of the Complaint are denied.

80. The allegations of Paragraph 80 of the Complaint are denied.

81. The allegations of Paragraph 81 of the Complaint are denied.

82.     At all relevant times, Tony Smith was engaged in criminal activity which included attempting to evade arrest, felony flight and operating a motor vehicle while high on cocaine.  By continuing to flee in a vehicle with four deflated tires while high on cocaine, Smith flipped end over end and was ejected from the still moving vehicle. His claims under state law, individual and official are immunity under the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq.    Any remaining allegations of Paragraph 82 of the Complaint which require an answer are denied.

83.     The allegations of Paragraph 83 of the Complaint are denied.

84.     The allegations of Paragraph 84 of the Complaint are denied.

85.     The allegations of Paragraph 85 of the Complaint are denied.

86.     The allegations of Paragraph 86 of the Complaint are denied.

87.     The allegations of Paragraph 87 of the Complaint are denied.

88.     The allegations of Paragraph 88 of the Complaint are denied.

89.     The allegations of Paragraph 89 of the Complaint are denied.

90.     The allegations of Paragraph 90 of the Complaint are denied.

91.     The allegations of Paragraph 91 of the Complaint are denied.

92.     The allegations of Paragraph 92 of the Complaint are denied.

93.     The allegations of Paragraph 93 of the Complaint are denied.

94.     The allegations of Paragraph 94 of the Complaint are denied.

95.     The allegations of Paragraph 95 of the Complaint are denied.

96.     The allegations of Paragraph 96 of the Complaint are denied.

97.     The allegations of Paragraph 97 of the Complaint are denied.

98.     The allegations of Paragraph 98 of the Complaint are denied.

99.     The allegations of Paragraph 99 of the Complaint are denied.

100.    The allegations of Paragraph 100 of the Complaint are denied.

101.    The allegations of Paragraph 101 of the Complaint are denied.

102.    The instant claim was filed without a legitimate basis in fact or in law.  Tony Smith
        is entitled to no relief whatsoever.  Defendants respectfully invoke and preserve their
        right to prevailing party attorney fees pursuant to 42 U.S.C. §1988.

103.    The allegations of Paragraph 103 of the Complaint are denied.

104.    The allegations of Paragraph 104 of the Complaint are denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, these  Defendants  pray that this Court grant the following relief:

A)      That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, qualified immunity and applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act;

B)      That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever;

C)      That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to 42 U.S.C. §1988, and Fed. R. Civ. Proc. Rule 11 .

**RESPECTFULLY SUBMITTED** this the 10th day of October, 2013.

-13-

**GRIFFITH & GRIFFITH**

By:   /s/   Daniel J. Griffith
                Daniel J. Griffith, MSB# 8366
                Attorney for Defendants

Of Counsel:

**GRIFFITH & GRIFFITH**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153

Andrew T. Dulaney, Esquire
**DULANEY LAW FIRM, LLP**
P.O. Box 188
986 Harris Street
Tunica, MS 38676-0188
Phone: 662-363-2922
Fax: 662-363-2923

## CERTIFICATE OF SERVICE

       I, the undersigned counsel for Tunica Defendants, do hereby certify that on this day, I electronically filed the foregoing *Answer and Affirmative Defenses* with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

                Cory Michael Williamson, Esq.
                Robert Dallas Schultze, Esq.
                Email: cory@wslawpllc.com
                Email: robert@wslawpllc.com
                **Attorneys for Plaintiff**

This the 10th day of October, 2013.

            By:  /s/ Daniel J. Griffith
                Daniel J. Griffith, MSB# 8366